**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **BRANDON DE SOUZA RIBEIRO,**<br><br>**Petitioner,**<br><br>v.<br><br>**LUIS SOTO, *et al.*,**<br><br>**Respondents.** | **Case No. 26–cv–03660–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Brandon De Souza Ribeiro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).  (ECF No. 1.)  Respondents oppose the Petition.  (ECF No. 5.)

1.    Petitioner is a citizen of Brazil.  (ECF No. 1 ¶ 23.)  He entered the United States in November 2021.  (*Id.*)

2.    The Department of Homeland Security (Department) detained petitioner and processed him for expedited removal proceedings.  (ECF No. 7–3 p. 2.)  He expressed fear of persecution and was referred for a credible fear screening.  (*Id.*)  He was released on his own recognizance on November 19, 2021.  (*Id.*)

3.    Petitioner reported for his credible fear screening on March 19, 2026. (ECF No. 1 ¶ 27.) The asylum officer determined that petitioner had established a credible fear of persecution.  (*Id.*)

4.    The Department issued petitioner a Notice to Appear (Notice) on March 19, 2026 charging petitioner with being inadmissible and stated that petitioner was "present in the United States" without being admitted or paroled. (ECF No. 1–2 p. 2.) Petitioner was detained in Delaney Hall Detention Facility.  (ECF No. 1 ¶ 27.)  A second Notice to Appear (Second Notice) was issued on March 31, 2026.  (ECF No. 7–2 p. 1.)

5.    Petitioner filed this Petition on April 7, 2026.  (ECF No. 1.)  He asserts that respondents violated his due process rights.  (*Id.* pp. 17, 18.)

6.    Respondents filed an answer on April 9, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he "was (i) apprehended near the border, (ii) placed into expedite[d] removal proceedings,

and (iii) passed a credible fear screener for an asylum claim."    (ECF No. 7 pp. 1, 2.)    " Petitioner is therefore subject to the mandatory detention requirements of § 1225(b)(1)."    (*Id.* p. 2.)

7.    I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond. *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

8.    Although petitioner was detained near the border, the Department released him on his own recognizance. (ECF No. 7–3 p. 2.)    Release on recognizance "is not 'humanitarian' or 'public benefit' 'parole into the United States' under [8 U.S.C. §§ 1225 and 1182(d)(5)(A)], but rather a form of 'conditional parole' from detention, authorized under § 1226."    *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) ("It is apparent that [the Department] used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) (citing *Ortega-Cervantes*).    These distinctions matter.

9.    Furthermore, both the Notice and the Second Notice identified petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled."    (ECF No. 1–2 p. 2 (emphasis added); ECF No. 7–2 p. 1 (emphasis added).)    "That language aligns with § 1226(a), not § 1225(b)(1)." *Dabre v. Soto,* No. 26–cv–02142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026). Therefore, it seems from the record that the Department "has consistently treated [petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to [r]espondents' claim that he is subject to mandatory detention under § 1225(b)."    *Lopez Benitez*, 795 F. Supp. 3d at 483–84 (emphasis in original).

10.    I decline to allow respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests."    *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Lopez Benitez*, 795 F. Supp. 3d at 486 (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time

2

in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n. 8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

Accordingly,

**IT IS** on this **22nd** day of **April 2026   ORDERED** that:

1.    Petitioner's § 2241 Petition is **GRANTED**.   Within **24 hours** of this Order's entry, respondents shall **RELEASE** petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.    Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.    Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.    Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under § 1225, which this Court has found inapplicable to him.

5.    Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

6.    Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

7.    To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

8.    The motion for a temporary restraining order at ECF No. 2 is **DISMISSED AS MOOT**.

9.    The Clerk shall **CLOSE** this case.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4