**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRANDON DE SOUZA RIBEIRO,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–03660–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Brandon De Souza Ribeiro's motion for attorneys' fees (Motion) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 12.) Respondents oppose the Petition. (ECF No. 18.)

1. Petitioner is a citizen of Brazil. (ECF No. 1 ¶ 23.) He entered the United States in November 2021. (*Id.*)

2. The Department of Homeland Security (Department) detained petitioner and processed him for expedited removal proceedings. (ECF No. 7–3 p. 2.) He expressed fear of persecution and was referred for a credible fear screening. (*Id.*) He was released on his own recognizance on November 19, 2021. (*Id.*)

3. Petitioner reported for his credible fear screening on March 19, 2026. (ECF No. 1 ¶ 27.) The asylum officer determined that petitioner had established a credible fear of persecution. (*Id.*)

4. The Department issued petitioner a Notice to Appear (Notice) on March 19, 2026 charging petitioner with being inadmissible and stated that petitioner was "present in the United States" without being admitted or paroled. (ECF No. 1–2 p. 2.) Petitioner was detained in Delaney Hall Detention Facility. (ECF No. 1 ¶ 27.) A second Notice to Appear (Second Notice) was issued on March 31, 2026. (ECF No. 7–2 p. 1.)

5. Petitioner filed a petition for a writ of habeas corpus (Petition) challenging his detention on April 7, 2026. (ECF No. 1.)

6. I granted the Petition on April 22, 2026 after concluding that petitioner was being unlawfully detained under 8 U.S.C. § 1225 because

petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226. (ECF No. 10 ¶ 7.)

7. Petitioner now moves for attorneys' fees pursuant to the EAJA. (ECF No. 12.)

8. The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make an award unjust.'" *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026), *petition for cert. filed*, No. 26–145 (July 30, 2026), (quoting 28 U.S.C. § 2412(d)(1)(A)).

9. In *Michelin*, the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. § 2241 are civil actions." *Id.* at 425.

10. I granted the Petition; therefore, petitioner is a prevailing party in a civil action against the United States.

11. Respondents now bear the burden of proving their position was justified. *Id.* at 433.

12. Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)).

13. "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

14. "[I]n immigration cases, the Government must meet the substantially justified test twice—once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action." *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

15. Significantly, courts may "not assume the position of the Government was not substantially justified simply because it lost." *Michelin*, 169 F.4th at 433.

16. I conclude that respondents' pre-litigation conduct of holding petitioner without bond was substantially justified for purposes of the EAJA.

17. Petitioner was detained on March 19, 2026 after reporting for his credible fear screening. (ECF No. 1 ¶ 27.)

18. Former Attorney General William Barr issued an interim decision concluding that noncitizens who were originally placed into expedited removal proceedings but later referred to full removal proceedings after establishing a credible fear of persecution or torture are still subject to mandatory detention without bond. *Matter of M-S-*, 27 I. & N. Dec. 509, 515 (A.G. 2019). The decision applied regardless of whether the noncitizen was detained at the border or within the United States. *Id.*

19. I unequivocally disagree with that statutory interpretation as a matter of law,[1] but respondents did no more than follow a binding administrative decision in continuing to detain petitioner. (*See* ECF No. 7 p. 2 (citing *M-S-*).) "Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful." *Gjergj G. v. Edwards*, No. 19–cv–05059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) (concluding Government was substantially justified in holding noncitizen without a bond hearing as it was following administrative precedent).

20. I further conclude that respondents' position before this Court was substantially justified. Other courts have agreed with *Matter of M-S-* and found that noncitizens are still subject to mandatory detention without bond after a credible fear finding. *See Giri v. Lyons*, 833 F. Supp. 3d 748, 757 (S.D. Tex. May 12, 2026) (noting that "[p]etitioner is detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which states that if an immigration officer finds a credible fear of persecution during the Expedited Removal process, [a noncitizen] 'shall be detained for further consideration of the application for asylum.'"); *Arcos Tasigchana v. Soto*, No. 25–cv–18252, 2026 WL 266170, at *2 (D.N.J. Feb. 2, 2026) (finding mandatory detention for noncitizen who was "subject to an initial expedited removal determination, provided a credible fear interview, and then referred for removal proceedings once a credible fear was established"); *Pipa-Aquise v. Bondi*, No. 1:25–cv–01094, 2025 WL 2490657, at *2 (E.D. Va. Aug. 5, 2025) ("Section 1225(b) provides for *mandatory* detention pending an asylum application." (emphasis in original)); *see also Bapary v. Soto*, No. 26–

[1] *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (noting district judges "have always been expected to apply their 'judgment' *independent* of the political branches when interpreting the laws those branches enact." (emphasis in original)).

cv–03541, 2026 WL 1734911, at *3 (D.N.J. June 16, 2026) (denying EAJA motion after concluding reliance on *Matter of M-S-* was justified).

21. "Although a single court decision is not itself proof positive of substantial justification, that the Government's position has produced favorable decisions by other federal courts and administrative courts is an 'objective indicia' of substantial justification." *Gjergj G.*, 2019 WL 3245104, at *2 (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

22. As there is split of authority on this question, I cannot say that respondents' position was unjustified. *Michel*, 68 F.4th at 78 ("When the issue is a novel one with little to no precedent, courts have been hesitant to find the government's position not substantially justified.")

Accordingly,

**IT IS** on this **21st** day of **September 2026** **ORDERED** that:

1. The Motion at ECF No. 12 is **DENIED**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**